NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | | |
|---|---|---|
| GABRIEL BENITO-SANCHEZ, | ) | No. 16-71223 |
| | ) | |
| Petitioner, | ) | Agency No. A079-764-476 |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| JEFFERSON B. SESSIONS III, | ) | |
| Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On Petition for Review of an Order of the
Immigration Judge

Submitted November 7, 2017**
Portland, Oregon

Before: FERNANDEZ, W. FLETCHER, and MELLOY,*** Circuit Judges.

Gabriel Benito-Sanchez petitions for review of the Immigration Judge's (IJ)

April 27, 2016, decision concurring in the determination by the Asylum Officer

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral
argument. Fed. R. App. P. 34(a)(2).

***The Honorable Michael J. Melloy, United States Circuit Judge for the U.S.
Court of Appeals for the Eighth Circuit, sitting by designation.

(AO) that Benito had not shown a reasonable fear[1] of persecution[2] or torture[3] in Mexico.[4] We deny the petition.

(1)     Benito asserts that the petition should be granted and the matter should be remanded because the IJ did not sufficiently set forth the basis of her decision. We do not agree. The IJ sufficiently supported her decision to deny Benito relief when she considered the "detailed findings and decision" of the AO and concurred in them. Certainly, there was no due process violation because the alien, who was represented by counsel at all times, was not subjected to a fundamentally unfair process. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014); *Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 380 (9th Cir. 2003) (en banc); *see also Wilkinson v. Austin*, 545 U.S. 209, 220, 225–26, 125 S. Ct. 2384, 2393, 2395-96, 162 L. Ed. 2d 174 (2005); *Buckingham v. Sec'y of U.S. Dep't*

---

[1]*See* 8 C.F.R. § 241.8(e); *id.* § 208.31(a), (c), (g)(1); *see also* 8 U.S.C. § 1231(a)(5).

[2]*See* 8 C.F.R. § 208.16(b); *see also* 8 U.S.C. § 1231(b)(3)(A).

[3]*See* United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18 (hereafter CAT); *see also* 8 C.F.R. § 208.16(c).

[4]The IJ ordered the return of the case to the Department of Homeland Security, which had ordered reinstatement of an April 2002 removal that had previously been reinstated in 2008. *See* 8 U.S.C. § 1231(a)(5).

*of Agric.*, 603 F.3d 1073, 1082–84 (9th Cir. 2010).

(2)    Benito also asserts that the IJ and AO erred when they determined that the evidence before them did not establish that he had a reasonable fear that he would be persecuted or tortured in Mexico.  We disagree.  The reasonable fear regulation provides that the alien must set forth sufficient evidence to establish a "reasonable possibility" that he would be persecuted or tortured.  8 C.F.R. § 208.31(c); *see also Ayala v. Sessions*, 855 F.3d 1012, 1015–16 (9th Cir. 2017).

We have carefully reviewed the record and are unable to say that it compels a determination[5] that Benito met that standard.[6]  He personally suffered no persecution in Mexico, and the IJ could properly find that his claims regarding possible persecution due to membership in his family[7] are purely speculative and are wholly unsupported by the evidence.[8]  Similarly, Benito's relatively mild encounters with police officers, who did not threaten him with future harm or encounter him again, did not give rise to a reasonable possibility that he would be

---

[5] *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1, 483–84, 112 S. Ct. 812, 815 & n.1, 817, 117 L. Ed. 2d 38 (1992); *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016).

[6] *See Andrade-Garcia*, 828 F.3d at 836.

[7] *See Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015).

[8] *See Arriaga-Barrientos v. U.S. I.N.S.*, 937 F.2d 411, 414 (9th Cir. 1991); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010).

tortured, which requires conduct even more severe than persecution. *See Nuru v.*

*Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005).

Petition DENIED.